NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PARTAP SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-958

Agency No.
A206-340-923

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
San Francisco, California

Before: BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Petitioner Partap Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals's ("BIA") order denying his time-barred motion to reopen to apply for asylum, withholding of removal, and protection under the Convention Against Torture.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition.

1. The BIA denied Petitioner's motion to reopen because it determined that the motion was time-barred and that no exception to the timeliness requirement applied because Petitioner failed to produce material evidence of changed country conditions in India. *See* 8 C.F.R. § 1003.2(c)(1). To prevail on a motion to reopen based on changed country conditions, a movant must produce previously unavailable, material evidence of changed conditions in the country of removal, and must demonstrate that the new evidence, considered together with the evidence presented at the merits hearing below, would establish prima facie eligibility for relief. *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021).

2. The BIA did not abuse its discretion in denying Petitioner's motion to reopen without considering evidence of changed conditions in India regarding the persecution of Sikhs. Petitioner neither stated a fear of persecution on account of his Sikh religion in his motion, nor submitted a religion-based application for relief along with his motion. "A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the *appropriate application for relief and all supporting documentation*." 8 C.F.R. § 1003.2(c)(1) (emphasis added); *see Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008). The

2                                                                 21-958

BIA did not err in not addressing a claim Petitioner did not properly raise.

3. The BIA, in denying Petitioner's time-barred motion to reopen, properly considered whether Petitioner's new political affiliation, a change in his personal circumstances, established a material change in country conditions.

4. The BIA did not abuse its discretion in characterizing Petitioner's new application for relief as arising from the same basis as his initial application. Notwithstanding Petitioner's observation that his "new claim was poorly articulated in his motion to reopen," the BIA's characterization was not "arbitrary, irrational, or contrary to law." *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011) (quoting *Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000)).

5. The BIA did not abuse its discretion in denying Petitioner's time-barred motion to reopen without evaluating whether Petitioner established prima facie eligibility for relief. The BIA determined that Petitioner failed to produce material evidence of changed country conditions in India. That determination gave the BIA grounds to deny Petitioner's motion. *See, e.g.*, *Lin v. Holder*, 588 F.3d 981, 989 (9th Cir. 2009). It was unnecessary for the BIA to evaluate whether Petitioner established prima facie eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION DENIED.**

21-958